**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

**United States of America,**

**Plaintiff,**

**v.**

**Jamal Timothy Funchess,**

**Defendant/Petitioner**

**No. 23-CR-120(01) (SRN/DLM)**

**ORDER ON MOTION FOR COMPASSIONATE RELEASE**

---

Katharine T. Buzicky, Office of the U.S. Attorney, 316 N. Robert St., Ste. 404, Saint Paul, MN 55101, for Plaintiff United States of America

Jamal Timothy Funchess, Reg. No. 49011-510, FCI Sandstone, P.O. Box. 1000, Sandstone, MN 55072, Pro Se Defendant/Petitioner

---

SUSAN RICHARD NELSON, United States District Judge

Before the Court is the Pro Se Motion Under 18 U.S.C. § 3582 ("Compassionate Release Motion") [Doc. No. 83] filed by Defendant/Petitioner Jamal Timothy Funchess. Mr. Funchess seeks a sentence reduction to "a range of 60 to 77 months." (Comp. Release Mot. at 5.) The Government opposes his motion. (Gov't's Opp'n [Doc. No. 86] at 2–7.) Based on a review of the file, record, and proceedings herein, and for the following reasons, the Court denies the motion without prejudice.

## I. BACKGROUND

Mr. Funchess is serving a sentence of 100 months, following his guilty plea for aiding and abetting carjacking. (Sentencing Hr'g Tr. [Doc. No. 80] at 3–5, 9.) Mr.

Funchess's guideline range was 108 to 135 months. (*Id.* at 5.) He is serving his sentence at FCI Sandstone in Sandstone, Minnesota, and has a projected release date of April 14, 2030. *See* Find an inmate, Fed. Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited Oct. 9, 2026).

In the instant motion, Mr. Funchess contends that his rehabilitation and Amendment 829 of the U.S. Sentencing Guidelines constitute "extraordinary and compelling" reasons for a reduction in sentence. (Pet'r's Mot. at 1–3.) Amendment 829 revised guidance to sentencing courts regarding the defendant's age as a sentencing consideration. *See* U.S. Sentencing Comm'n, *Amendment 829*, https://www.ussc.gov/guidelines/amendment/829. Mr. Funchess also references the effect of another Guidelines Amendment, Amendment 821, that provided for a two-level reduction in the offense score of defendants with zero criminal history points. *See* U.S. Sentencing Comm'n, *Amendment 821*, *Part B*, https://www.ussc.gov/guidelines/amendment/821. He states, "It would appear that had a lesser sentence been available to either the government or the Court, [I] would have been privy to such a sentence." (Pet'r's Mot. at 3.)

In opposition, the Government asserts that Mr. Funchess has failed to exhaust his administrative remedies, and even if he had, he has failed to meet the standard for a reduction in sentence. (Gov't's Opp'n at 5–7.)

## II. DISCUSSION

"[A] court may not modify a term of imprisonment once it has been imposed" except pursuant to statute. *United States v. Marcussen*, 15 F.4th 855, 858 (8th Cir. 2021) (quoting 18 U.S.C. § 3582(c)). The compassionate release provision, as amended by the First Step

Act, is such a statutory exception. *See* 18 U.S.C. § 3582(c)(1)(A). A court may reduce a defendant's term of imprisonment if: (1) "after considering the factors set forth in § 3553(a) to the extent that they are applicable"; (2) the court finds that "extraordinary and compelling reasons warrant such a reduction"; and (3) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.*

The Supreme Court has recently made clear that claims regarding the length of a sentence or the validity of a conviction are not proper bases for compassionate release. *Rutherford v. United States*, 608 U.S. 454, 146 S. Ct. 1320, 1330–35 (2026); *Fernandez v. United States*, 608 U.S. 411, 146 S. Ct. 1292, 1307 (2026). In addition, a defendant's rehabilitation, by itself, does not serve as a basis for compassionate release. 28 U.S.C. § 994(t).

A defendant seeking compassionate release "bears the burden to establish he is eligible for a sentence reduction." *United States v. Demikh*, No. 15-CR-1132 (MJD/HB), 2022 WL 2643903, at *1 (D. Minn. July 8, 2022) (citing *United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016); *United States v. Ocanas*, 516 F. Supp. 3d 936, 938 (D. Minn. Feb. 2, 2021)).

**A. No Evidence of Administrative Exhaustion**

As an initial matter, Mr. Funchess bears the burden of demonstrating that before he brought his Compassionate Release Motion, he first exhausted his administrative remedies with the BOP. He may do so in either of two ways—by presenting evidence of a direct denial of his request for compassionate release, or by the lapse of 30 days without a reply

from the BOP. *See* 18 U.S.C. § 3582(c)(1)(A). Mr. Funchess has failed to submit any documentation of an administrative request.

While the Court liberally construes pro se filings, *see United States v. Sellner*, 773 F.3d 927, 932 (8th Cir. 2014) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)), a pro se movant must still comply with the applicable statutory requirements underlying their § 3582(c) motion, and must offer evidence of such compliance sufficient to meet their burden of proof. *See Ocanas*, 516 F. Supp.3d at 938 n.2 (finding that initially "there was no evidence in the record demonstrating that Ocanas had exhausted his administrative rights" but that he later "provided evidence that he petitioned the warden for compassionate release" without reply and that, "[t]herefore, the motion [was] properly before the Court."). On the record before the Court, Mr. Funchess has not met his burden to demonstrate administrative exhaustion. Therefore, the Court denies without prejudice his Compassionate Release Motion for failure to exhaust his administrative remedies.

**B. No Extraordinary and Compelling Reasons**

Even if Mr. Funchess had exhausted his administrative remedies, his motion would still fail, as *Fernandez*, 146 S. Ct. at 1307, and *Rutherford*, 146 S. Ct. 1330–35, have foreclosed claims like Petitioner's as cognizable bases for compassionate release. Prior to *Fernandez* and *Rutherford*, his motion would have failed because he did not meet the length-of-sentence requirements of U.S.S.G. § 1B1.13(b)(6), which required defendants to have served at least 10 years of an "unusually long" sentence and to show that a change in the law, other than a non-retroactive Guidelines amendment, would have resulted in a lower prison term if the defendant were sentenced today.

To the extent Mr. Funchess relies on Amendment 829, that amendment does not have retroactive effect. *See* U.S.S.G. § 1B1.10(d) (listing retroactive amendments).

In addition, although he did not expressly identify Amendment 821 by name, and relief under that amendment is subject to a separate motion, his reference to a two-level decrease in his offense level based on his lack of criminal history points appears to reference Amendment 821. Such a motion is not properly before the Court as part of a compassionate release motion, and, in any event, relief under Amendment 821 is not available to zero-point offenders who possessed a firearm in connection with the offense, which appears to be the case here. *See* U.S.S.G. § 4C1.1; (Plea Agmt. [Doc. No. 47] ¶ 2).

Finally, while the Court commends Mr. Funchess's rehabilitative accomplishments, rehabilitation alone does not serve as a basis for compassionate release. 28 U.S.C. § 994(t).

Accordingly, for these additional reasons, the Court denies Petitioner's Motion for Compassionate Release without prejudice.

## III. CONCLUSION

Accordingly, based on the foregoing and on all the files, records, and proceedings herein it is **HEREBY ORDERED THAT**:

1. The Pro Se Motion to Reduce Sentence/for Compassionate Release [Doc. No. 83] filed by Defendant/Petitioner Jamal Timothy Funchess is **DENIED without prejudice**.

Dated: October 13, 2026

s/Susan Richard Nelson
SUSAN RICHARD NELSON
United States District Judge